**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| HECTOR ESPINOSA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-3594 (ABJ) |
| | : | |
| FCC COLEMAN (MEDIUM), | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's Motion to Dismiss or, in the Alternative,

for Summary Judgment. For the reasons discussed below, the Court GRANTS the motion.

**I. BACKGROUND**

**A. Procedural History**

Plaintiff filed his complaint in the Small Claims Branch of the Superior Court of the District

of Columbia's Civil Division on November 7, 2019. *See* Compl. (ECF No. 1-1) at 1 (page numbers

designated by CM/ECF). Defendant removed this action (ECF No. 1) on November 29, 2019, and

filed its dispositive motion (ECF No. 5) on January 30, 2020. On January 31, 2020, the Court

issued an order (ECF No. 6) advising Plaintiff of his obligations under the Federal Rules of Civil

Procedure and the local rules of this Court to respond to Defendant's motion. The order

specifically warned Plaintiff that, if he did not respond by February 28, 2020, the Court may grant

Defendant's motion without the benefit of his position. To date, Plaintiff neither has filed an

opposition nor requested more time to do so. Mail sent to Plaintiff at his address of record has not

been returned to the Clerk of Court.

**B. Defendant's Assertions of Fact**

An inmate in the custody of the Federal Bureau of Prisons ("BOP") has an individual commissary inmate account which functions like a bank account: funds from family members and other sources are deposited into the account, and the inmate may use these funds to purchase items from a facility's commissary, among other transactions. Mem. in Support of Mot. to Dismiss, or, in the Alternative, for Summ. J. (ECF No. 5, "Def.'s Mem."), Decl. of William Ramirez (ECF No. 5-1, "Ramirez Decl.") ¶ 4. BOP maintains each account's records in the Trust Fund Accounting and Commissary System ("TRUFACS"). *Id.*

In a separate system, SENTRY, BOP maintains information about each inmate, including "release information," such as "a release address provided by the inmate." *Id.* ¶ 5. When an inmate is released from BOP custody, any funds remaining in his commissary inmate account are released to him. *Id.* ¶ 6. Via TRUFACS, a U.S. Treasury check is issued in the inmate's committed name and mailed to him at his release address. *See id.*

Immediately prior to Plaintiff's release on March 10, 2017, he was designated to the Federal Correctional Complex in Coleman, Florida ("FCC Coleman"). *Id.* ¶ 7. According to TRUFACS, a balance of $8,532.20 remained in Plaintiff's account. *Id.* ¶ 9. According to SENTRY, Plaintiff provided his ex-wife's address in New York as his release address. *Id.* ¶ 8; *see id.*, Ex. (ECF No. 5-2) at 1, 3.

"[O]n March 31, 2017, the BOP made an entry into [TRUFACS] and ordered a Treasury check in favor of Hector Espinosa, Register Number 70527-054." *Id.* On April 5, 2017, Treasury issued a check payable to Plaintiff for $8,532.20. *Id.* ¶ 10. Information on the cancelled check indicated that it had been run "through a U.S. bank machine," *id.* ¶ 11, with a routing number

corresponding to TD Bank, NA.  *Id.*  "[T]he cancelled/paid U.S. Treasury check also show[ed]

that the Treasury released the funds on April 24, 2017."  *Id.*; *see generally id.*, Exs. C-E.[1]

Plaintiff alleged that he "never received from FCC Coleman" the funds remaining in his

account, and now demands return of these funds.  Compl. at 1.

## II. DISCUSSION

Where, as here, Plaintiff demands money damages from a federal government entity, he

proceeds against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§

1346, 2671-80.  *See, e.g., Edwards v. U.S. Park Police*, 251 F. Supp. 3d 109, 111 (D.D.C. 2017)

(citing *Richards v. United States*, 369 U.S. 1, 6 (1962)); *Lempert v. Rice*, 956 F. Supp. 2d 17, 28

(D.D.C. 2013) (quoting *Jones v. United States*, 949 F. Supp. 2d 50, 53 (D.D.C. 2013)).  Although

Plaintiff's failure to name the United States as the defendant ordinarily would call for dismissal

for lack of subject-matter jurisdiction, *see Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C.

2016), the Court construes this *pro se* Plaintiff's complaint liberally, *see Erickson v. Pardus*, 551

U.S. 89, 93-94 (2007) (per curiam), and declines to dismiss the complaint because of this pleading

defect alone.  Instead, the Court briefly addresses in turn Defendant's arguments for dismissal of

Plaintiff's FTCA claim.

### A.  Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized

by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v.

Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  The United States enjoys sovereign

immunity, meaning that it "is immune from suit save as it consents to be sued . . . and the terms of

its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United*

---

[1]   *See* Notice of Filing (ECF No. 7).

*States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  One such waiver is the FTCA.  *See Richards*, 369 U.S. at, 6 ("The Tort Claims Act was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort    as    a    private    individual    would    be    under    like    circumstances.").

In relevant part, the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*.

28 U.S.C. § 2675(a) (emphasis added).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim for lack of subject-matter jurisdiction." *Bell v. U.S. Dep't of Justice*, No. 18-CV-2928, 2019 WL 2931334, at *3 (D.D.C. July 8, 2019) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)) (alteration in original).

According to Defendant, Plaintiff did not submit an administrative tort claim to BOP.  *See* Def.'s Mem., Decl. of Criste Bell ¶ 3.[2]  FTCA's exhaustion requirement is jurisdictional, and absent any showing by Plaintiff that he has exhausted his administrative remedies prior to filing this lawsuit, the Court lacks subject matter jurisdiction over his claim.  *See, e.g., Abdurrahman v. Engstrom*, 168 F. App'x 445 (D.C. Cir. 2005) (per curiam) (affirming dismissal of FTCA claim where claimant did not satisfy FTCA's exhaustion requirement); *Seawright v. Postmaster Gen. of*

---

[2]  *See* Notice of Filing (ECF No. 7).

*U.S. Postal Serv.*, No. 18-CV-460, 2018 WL 6173445, at *2 (D.D.C. Nov. 26, 2018); *Bannum,*

*Inc. v. Samuels*, 221 F. Supp. 3d 74, 86 (D.D.C. 2016).

### B. Statute of Limitations

There is a specific time period within which a claimant must submit his tort claim to the

agency:

> A tort claim against the United States shall be forever barred unless
> it is presented in writing to the appropriate Federal agency *within*
> *two years after such claim accrues* or unless action is begun within
> six months after the date of mailing, by certified or registered mail,
> of notice of final denial of the claim by the agency to which it was
> presented.

28 U.S.C. § 2401(b) (emphasis added).  "Under the FTCA, a claim accrues by the time a plaintiff

has discovered both his injury and its cause." *Olaniyi v. District of Columbia*, 763 F. Supp. 2d 70,

87–88 (D.D.C. 2011) (citations and internal quotation marks omitted).  And "[i]f the plaintiff does

not meet the presentment of claim requirements of 28 U.S.C. §§ 2401(b) and 2675(a), the Court

lacks jurisdiction to entertain the claim." *Id*. (citations omitted).

In this case, Plaintiff's injury would have accrued upon his release from BOP custody in

March 2017.  Because Plaintiff did not submit an administrative claim to BOP at all, and certainly

not within the two-year limitations period, the Court lacks subject matter jurisdiction over his

FTCA claim.  *See Harrison v. United States*, No. 16-CV-1829, 2018 WL 4680204, at *5 (D.D.C.

Sept. 28, 2018) (dismissing FTCA claim of claimant who submitted administrative claim to agency

one week after the two-year limitations period expired); *Velasco v. United States*, 585 F. Supp. 2d

1, 4 (D.D.C. 2008) (concluding that administrative claim accruing upon Plaintiff's release from

incarceration roughly 30 years prior to filing lawsuit was time-barred).

**C. Venue**

"The FTCA has a special venue provision that provides that FTCA claims 'may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.'" *Attkisson v. Holder*, 241 F. Supp. 3d 207, 212 (D.D.C. 2017) (quoting 28 U.S.C. § 1402(b)).  Defendant argues that, because Plaintiff did not reside in the District of Columbia and because the events giving rise to his claim occurred in at FCC Coleman, this district is not the proper venue for adjudication of his FTCA claim.  *See* Def.'s Mem. at 11.

Defendant proposes to transfer this action to the U.S. District Court for the Southern District of Florida where venue appears to be proper.  *See* Def.'s Mem. at 11.  The Court declines to do so.  Transfer of this action is futile, given Plaintiff's apparent failure to exhaust his administrative remedies which deprives any federal district court of subject matter jurisdiction. *See Goldstein v. United States*, No. 01-CV-0005, 2003 WL 24108182, at *5 (D.D.C. Apr. 23, 2003).

## III. CONCLUSION

The Court concludes that, because Plaintiff failed to exhaust his administrative remedies under the FTCA prior to filing this civil action, the Court lacks subject matter jurisdiction.  The Court, therefore, grants Defendant's motion.  An Order is issued separately.

DATE: May 5, 2020                           /s/
                                            AMY BERMAN JACKSON
                                            United States District Judge